# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1997 SESSION

FILED

January 21, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,

    Appellee,

V.

LINCOLN C. FRENCHELL,

    Appellant.

)
)
) C.C.A. No. 01C01-9703-CC-00096
)
) Rutherford County
)
) Honorable J. S. Daniel, Judge
)
) (Sentencing)
)
)

FOR THE APPELLANT:

Gerald L. Melton
District Public Defender

Jeffrey S. Burton
Assistant Public Defender
201 West Main Street
Suite 101, Court Square Bldg.
Murfreesboro, TN 37130

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Sarah M. Branch
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

William C. Whitesell
District Attorney General

Paul A. Holcombe, III
Assistant District Attorney General
Rutherford County Judicial Building
Murfreesboro, TN 37130

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Lincoln C. Frenchell, pled guilty to theft of property valued over $1000 and received a sentence of two years supervised probation with diversion.  However, approximately one month later, the district attorney's office filed a motion to terminate the appellant's diversion because he had misrepresented to the court his lack of a prior criminal record.  The appellant has a felony record in New York.   Also, while on probation, the appellant violated the conditions of his probation.  After a revocation/sentencing hearing, the trial court revoked the appellant's probation and sentenced him to two years in prison.  He now appeals that  judgment.

The appellant violated the conditions of his diversionary probation: rule (4), failure to provide verification of employment; rule (5), failure to inform probation officer that he had moved from his local address and failure to receive permission before leaving the state; rule (6), failure to report; rule (8), failure to pay probation fees; and rule (10), failure to pay court costs.  Despite these violations, the appellant contends that the trial court erred in denying him probation.

Whether viewed as a sentencing hearing or a revocation proceeding, the appellant has not overcome the presumption of correctness of the court's ruling.  The trial court did not abuse its discretion by revoking the appellant's probation and sentencing him to two years in prison.  See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).   Also, "[u]pon revocation, the original sentence imposed can be placed into effect."  Tenn. Code Ann. § 40-35-310 (1990) Sentencing Commission Comments.   Finding no error in the trial court's ruling, we affirm the judgment pursuant to Rule 20, Tenn. Ct. Crim. R. App.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge